UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

      - v. -

DEVON RICHARDS
    a/k/a "Dev,"

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:    CONSENT PRELIMINARY ORDER
:    OF FORFEITURE AS TO SPECIFIC
:    PROPERTY/
:    MONEY JUDGMENT
:
:    22 Cr. 514 (PGG)
:
:

WHEREAS, on or about September 27, 2022, DEVON RICHARDS a/k/a "Dev",
(the "Defendant") among others, was charged in a five-count sealed Indictment, 22 Cr. 514 (PGG)
(the "Indictment"), with conspiracy to commit access device fraud, in violation of Title 18, United
States Code, Section 1029(b)(2) (Count One); access device fraud, in violation of Title 18, United
States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2 (Count Two); conspiracy to commit
bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); aggravated
identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2
(Count Four); and conspiracy to steal mail while employed as a postal employee, in violation of
Title 18, United States Code, Section 371 (Count Five);

WHEREAS, the Indictment included, *inter alia,* a forfeiture allegation as to Counts
One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United
States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting, or
derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses
charged in Counts One and Two of the Indictment, and any and all personal property used or
intended to be used to commit the offenses charged in Counts One and Two of the Indictment,
including but not limited to a sum of money in United States currency representing the amount of

proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about September 29, 2022, the Government seized property from the Defendant's residence at the time of his arrest, including but not limited to the specific property listed in Attachment A attached hereto (the "Specific Property");

WHEREAS, on or about September 11, 2023, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), a sum of money equal to $369,543.43 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment, and the Specific Property; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $369,543.43 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) his co-defendant Fabiola Mompoint ("Mompoint") for the $91,456 forfeiture money judgment entered against her by this Court on May 16, 2023 and (ii) his co-defendants Johnny Damus, Kareem Shepherd, Rashaan Richards, Conrad Heron, Louis Jeune Verly, Nathanael Foucault, and Johnathan Persaud (collectively, the "Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case for the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property which constitutes proceeds of the offense charged in Count

One of the Indictment and/or property used or intended to be used to commit the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and the property involved in the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Ashley C. Nicolas, Chelsea L. Scism, and Madison Reddick Smyser, and the Defendant, and his counsel, Deborah Colson, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $369,543.43 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) Mompoint for the $91,456 forfeiture money judgment entered against her by this Court on May 16, 2023 and (ii) his Co-defendants, to the

extent forfeiture money judgments are entered against the Co-defendants in this case for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, DEVON RICHARDS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        9/11/23
       Ashley C. Nicolas                       _____
       Chelsea L. Scism                          DATE
       Madison Reddick Smyser
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2467/-2105/-2381


DEVON RICHARDS

By: _____        9/14/23
       DEVON RICHARDS                          _____
                                                 DATE

By: _____        9/11/23
       DEBORAH COLSON, ESQ.                    _____
       Attorney for Defendant                    DATE
       80 Broad Street, 19th Floor
       New York, NY 10004

SO ORDERED:

_____             Nov. 3, 2023
HONORABLE PAUL G. GARDEPHE                     _____
UNITED STATES DISTRICT JUDGE                     DATE

**Attachment A**

Seized from Devon Richards' Residence in Long Island City, NY on or about September 29, 2022:

       Louis Vuitton Red/Pink Monogram Tote Bag
       Chanel Black Handbag
       Chanel Pink Handbag
       Chanel Small Boy Handbag
       Chanel Large Pink Tote Bag
       Chanel Peach Medium Pouch/Handbag
       Dior Monogram Clutch
       Prada Gray Handbag
       Louis Vuitton Clear Mini Box with Bandeau
       Louis Vuitton Black Buckle Belt
       Gucci Brown Buckle Belt
       Hermes White Open Sandals-Size 40.5
       Louis Vuitton Black/Brown Buckle Sandals
       Louis Vuitton Yellow/Blue Sneakers-Size 9.5
       Dior Black/White Sneakers-Size 39