```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                   :
UNITED STATES OF AMERICA                                           :
                                                                   :
            - v. -                                                 :   FINAL ORDER OF FORFEITURE
                                                                   :
DEVON RICHARDS,                                                    :
      a/k/a "Dev,"                                                 :   22 Cr. 514 (PGG)
                                                                   :
                  Defendant.                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

WHEREAS, on or about November 3, 2023, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 236), which ordered the forfeiture to the United States of all right, title and interest of DEVON RICHARDS (the "Defendant") in the specific property listed in Attachment A attached hereto (the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require

publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) beginning on September 18, 2024, for thirty (30) consecutive days, through October 17, 2024, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on November 18, 2024 (D.E. 382);

WHEREAS, on or about September 23, 2024, notice of the Consent Preliminary Order of Forfeiture was sent via certified mail, return receipt requested, to Crystal Atkins in Laurelton, New York;

WHEREAS, on or about October 1, 2024, notice of the Consent Preliminary Order of Forfeiture was sent via electronic mail, delivery and receipt requested, to Crystal Atkins;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant and Crystal Atkins are the only people and/or entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
        November 20, 2024

SO ORDERED:

_____
HONORABLE PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

# Attachment A

<u>Seized from Devon Richard's Residence in Long Island City, NY on or about September 29, 2022</u>:

One Chanel Caviar Quilted Medium Boy Flap Fuchsia bag (67086 B00315 N4852);
One Louis Vuitton red/purple Escale Onthego GM tie-dye rouge tote bag (M45121);
One Chanel small boy Chanel handbag, Calfskin & Ruthenium-Finish Metal (A67086 Y09953 94305);
One Prada gray re-nylon prada Re-Edition 2000 mini-bag (1NE515; Tessuto Fiordaliso);
One Chanel Canvas Large Deauville Tote Pink 19C (5B748 PINK NSZ);
One Dior Long Saddle wallet, Blue Dior Oblique Jacquard;
One Chanel Pink Quilted Lambskin Leather Large O-Case Zip Pouch; and
One Chanel Black Quilted Leather O Case Chain Trim Clutch;
One Gucci GG Marmont reversible buckle belt, gold buckle;
One Dior black/white B30 SNEAKER (3SN279ZMB_H969);
One Louis Vuitton black belt with silver lv logo buckle;
One Hermes (size 40.5) white Oran sandal. (H021056Z 02405);
One Louis Vuitton Scott box with wrap LV Scarf (GI0203);
One Louis Vuitton (size 9.5) LV Sprint Monogram Trainers low yellow (GO 0261);
One Louis Vuitton (size 39) Lock It Flat Mule Cacao sandals;